105 So.2d 492 (1958)
Fannie SCHUTZER and Louis Schutzer Appellants,
v.
The CITY OF MIAMI, a municipal corporation, Appellee.
No. 58-308.
District Court of Appeal of Florida. Third District.
September 25, 1958.
Rehearing Denied October 24, 1958.
Albion & Greenfield and Morton Rosenblum, Miami, for appellants.
William L. Pallot, City Atty., and Clifford B. Selwood, Jr., Miami, Asst. City Atty., for appellee.
HORTON, Judge.
This appeal is from a final judgment entered upon a directed verdict granted at the conclusion of the appellants' case.
The appellants sued the City of Miami for personal injuries allegedly sustained by the appellant, Fannie Schutzer, when she *493 fell after catching her shoe in a crack in a sidewalk maintained by the appellee. The appellee was charged with failure to maintain the sidewalk in a reasonably safe condition. The appellee answered, denying the allegation of negligence and interposing the affirmative defense of contributory negligence. The cause proceeded to trial upon the issues made by the complaint and answer. At the conclusion of appellants' case, and upon appellee's motion, the court directed a verdict in favor of the appellee upon the basis that no liability had been established.
The principal question for determination on this appeal is whether or not the trial judge was in error in directing a verdict at the conclusion of the appellants' case.
The proposition that a duty is imposed upon a municipality to maintain its streets and sidewalks in a reasonably safe condition is so well established as to require no citation of authorities to support it. The question of whether or not the testimony of the appellants and their witnesses established a prima facie case sufficient to go to the jury is one which necessarily requires a review of the testimony and evidence adduced at the trial.
The appellant-wife testified, in substance, that on the evening of November 6, 1954, she and her husband alighted from a bus at 13th Avenue and 22nd Street, Southwest, and proceeded to walk toward the Parkway Theater across 13th Avenue; that there was a sundries store on 22nd Street and 13th Avenue and a camera store next door; that while walking along the street east from the corner of 13th Avenue and 22nd Street, she was conversing with her husband and when they reached a point approximately opposite the camera store, her foot became caught in a hole in the sidewalk and she fell, injuring her knee and shin. She further testified that there was no street light immediately west of the area in which she fell, nor were there any lights reflecting from the camera store in the area where the accident occurred; that it was night and the weather was clear, and that she did not see the hole in the sidewalk. The appellant-husband corroborated the circumstances which led up to the appellant-wife's injury and particularly the fact that there were no lights on in the window of the camera shop. He further testified that the defect in the sidewalk into which his wife stepped was approximately three inches deep and was a part of a crack running down the sidewalk a width of approximately six inches and a distance of from eight to nine feet. Philip Schutzer, the appellants' son, testified that he had worked for the Parkway Theater for approximately three months. The theater is located in the area in which the appellant, Fannie Schutzer, fell and injured herself. Philip Schutzer testified that the defect in the sidewalk had been there ever since he had been employed by the Parkway Theater. He estimated that the depth of the hole was approximately three to four inches and that it was approximately thirteen to fifteen feet in length. He had knowledge of the defect by reason of having traversed the area on numerous occasions while employed at the theater. Herman Silverman, a witness on behalf of the appellants, testified that he was the operator of the sundries store on the corner of 13th Avenue and 22nd Street and that he had operated this store for approximately six years; that the pedestrian traffic on the sidewalk between the sundries store and the theater where the defect in question existed was heavy.
Plaintiffs' Exhibit 1 and 2 clearly depict the area of the defect and to a large degree substantiate and corroborate the testimony of the appellants and their witness as to the existence of the defect, as well as the length and character thereof.
A party moving for a directed verdict admits not only the facts brought out by the evidence, but also every favorable conclusion to the adverse party which a jury might reasonably and fairly infer from that evidence. If the facts are not *494 in dispute and the evidence, together with the inferences that a jury may lawfully deduce from it, do not as a matter of law establish or tend to establish the cause of action, a verdict should be directed for the moving party. However, the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. If there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there are reasonable differences as to the inferences which might be drawn from conceded facts, the cause should be submitted to the jury for a verdict. See Gravette v. Turner, 77 Fla. 311, 81 So. 476.
Viewing the evidence and testimony in a light most favorable to the appellants, as under the rule we are required to do, a jury could well have reasonably inferred that the condition of the sidewalk as it existed at the time of the appellant-wife's injury was unsafe for pedestrian use; that its existence for a period of at least three months was sufficient to have placed the appellee on notice of the unsafe condition and the failure to repair was a breach of the appellee's obligation and duty to the appellants. On the other hand, upon a trial of the cause in its entirety, it may well be that the jury could conclude that the proximate cause of the appellant-wife's injury was her failure to observe an open and obvious condition, thereby barring her recovery under the affirmative defense of contributory negligence. These, however, are matters for consideration of the jury and we do not intend by any statements made herein to indicate what the merits of the matter may be, but only to point out different conclusions that may or could be arrived at by a jury considering all the facts.
We have carefully reviewed the testimony and evidence and conclude that the appellants have made at least a prima facie case and thereby shifted the burden of the proceedings upon the appellee to come forward with its testimony and proofs.
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
CARROLL, CHAS., C.J., and PEARSON, J., concur.