107 So.2d 47 (1958)
Julia SINGLETON, a widow, Appellant,
v.
CITY OF JACKSONVILLE, Appellee.
No. A-161.
District Court of Appeal of Florida. First District.
December 2, 1958.
*48 Bedell & Bedell, Jacksonville, for appellant.
William M. Madison, Inman P. Crutchfield and Frederick J. Simpson, Jacksonville, for appellee.
WIGGINTON, Judge.
This is an appeal by the plaintiff at trial from final judgment for the defendant consequent upon an order of the trial court granting defendant's motion for directed verdict at the close of plaintiff's evidence. Defendant's motion was grounded on two propositions, viz.: (1) the evidence failed to establish that the defendant had exercised any control in the maintenance of an allegedly defective guardrail or the sidewalk forming part of a street viaduct, or that it was defendant's duty to do so; and, (2) the evidence failed to show that the defendant knew, or in the exercise of reasonable care should have known, of the alleged defect that caused plaintiff's injuries.
In granting defendant's motion the court announced that it was doing so for the reason that plaintiff had failed to prove a prima facie case of negligence. In the absence of a more specific delineation, we must assume it adopted the reasons advanced by the defendant's motion. Suffice it to say, we are supported in this approach in that both parties have by their respective briefs accepted the grounds set forth in the motion as those relied on by the court by reason of the fact that the argument of each is confined exclusively to those grounds. Therefore, the sole question here is whether the plaintiff's evidence, together with all inferences which might be reasonably drawn therefrom, constitutes sufficient proof, when considered in a light most favorable to the plaintiff, upon which the jury may lawfully have found for the plaintiff.[1] Examination of the issues made by the pleadings, together with the evidence introduced at trial, is appropriate to a determination of this question.
The suit is for personal injuries sustained by plaintiff as a result of the alleged negligence of the defendant in failing to maintain a certain sidewalk and guardrail, which formed an integral part of a concrete viaduct on Broad Street in the City of Jacksonville, in a safe and suitable condition *49 for the use of pedestrians. The complaint alleges that during the hours of darkness plaintiff was walking in a northerly direction along the sidewalk on the east side of the viaduct; that she was accompanied by her eight year old grandchild, who was walking between plaintiff and the concrete guardrail that formed the east boundary of the sidewalk and viaduct; that defendant had carelessly and negligently permitted a large opening to exist between the north end of the eastern guardrail and a warehouse situated to the immediate east thereof, which opening was unguarded, unobstructed and unprotected; that while walking along the sidewalk plaintiff's grandchild fell through the opening thus described; and, that in attempting to rescue her, plaintiff likewise fell through the opening to the ground below, a distance of some 14 feet, thus sustaining painful and permanent injuries. Defendant answered with a denial of any negligence on its part and alleged plaintiff's contributory negligence as the sole proximate cause of her injuries. A third defense, by which the legal duty to maintain the subject viaduct was sought to be placed in the State Road Department, was stricken after hearing on plaintiff's motion introduced for that purpose. The propriety of the trial court's ruling in this behalf is not challenged here. We therefore refrain from further comment in that regard and accept the court's ruling as not an issue on this appeal.
Concerning the question of control and the duty to maintain raised by defendant's motion for directed verdict, it is generally held that all streets of a city are presumed, in the absence of evidence to the contrary, to be public streets, and it will be presumed that a sidewalk constructed in a populous part of a municipality was either built by it or it has assumed control thereof.[2] We do not understand the rule to be otherwise with regard to viaducts which formed an integral part of such a street. Plaintiff introduced in evidence at trial the charter provision by which the defendant city is empowered to construct and maintain sidewalks and viaducts within its boundaries. Although the record stands mute as to when, by what authority and by whom the subject viaduct was constructed, the city admitted, in answer to certain interrogatories read in evidence, it was built in 1903. Also that, according to its records, an iron guardrail located along the extreme northern approach was restored by the city's maintenance department on September 10, 1933. An engineer employed in the office of the City Engineer, called by the plaintiff, testified that the city had on at least one occasion repaired portions of the sidewalk along the viaduct. He further testified that had his office been informed of the opening through which appellant fell, it would have suffered no delay in erecting a barricade as a safety measure. The same engineer testified, in response to questions propounded by the court, that his office had steadfastly adhered to the position that it was the duty of abutting owners to maintain the sidewalks along the viaduct. Even assuming the probative validity of this evidence, a point we are not called upon to determine, its effect upon our ultimate conclusion is rendered nugatory by the settled law of this jurisdiction that the duty to repair and maintain city streets and sidewalks rests upon the municipality, and such duty cannot be delegated to others so as to absolve the city from liability for the negligent performance thereof.[3] We think the foregoing, absent anything to the contrary, and in view of the rules heretofore cited, constitutes evidence from which the jury might lawfully have found that the defendant city had exercised control over and a duty to maintain the viaduct, sidewalk and guardrail in question.
We turn now to a consideration of the question as to whether the plaintiff's *50 evidence was sufficient to establish actual or constructive notice of the alleged defect to the defendant city. The rule is well established in this jurisdiction that in order for a municipality to be held liable for defects in its streets and sidewalks it must be shown to have had actual knowledge thereof, or that such defect was so open and obvious and had existed for sufficient time that the city in the exercise of due care should have known of its existence, and remedied it.[4] There is respectable authority, however, to the effect that this notice requirement applies only to those defects occurring after construction, and not to patent defects inhering in the construction itself.[5] The engineer mentioned above, in testifying with regard to the nature of the alleged defect in question, stated that prior to the trial he had made a careful inspection of the area but failed to see any evidence that there had ever been a barricade across the opening through which plaintiff fell. This testimony is corroborated by the physical appearance of the area as depicted by certain photographs, from which the alleged defect appears obvious, introduced by plaintiff without objection. From this the jury could reasonably have concluded that the defect complained of was a patent one inherent in the construction itself, thus obviating the necessity to prove notice. Failure to prove construction of the viaduct by defendant does not alter this possibility in view of the fact that under the circumstances shown to exist here, and absent evidence to the contrary, such is presumed.[6]
On the other hand, had the jury chosen to find the alleged defect was one that developed after construction, the result may well have been the same. As has been stated, there is evidence from which the jury might reasonably have concluded that portions of the structure had been repaired by the city at least as late as 1933; that the alleged defect was a patent one of long existence which in the exercise of reasonable care would have been discovered and remedied.
The adequacy of the proof to bar plaintiff's recovery by reason of her contributory negligence as a matter of law was not assigned by defendant in support of its motion for directed verdict; nor does it appear from the record that this issue was treated either in counsel's argument on the motion or in the colloquy between counsel and the court during the course of oral presentation. Likewise, no such contention is made before this Court. Therefore, we conclude that the issue of contributory negligence, vel non, was not considered by the trial court in granting the challenged motion. Accordingly, we express no opinion with respect to this phase of the case.
Upon careful review of the testimony, exhibits and other evidence contained in the record we are of the opinion that there is ample evidence from which the jury could lawfully have found for the plaintiff. In so holding it is not intended by any statement herein to indicate what the merits of the matter may be but merely to point out that different conclusions might be reasonably reached.
For the foregoing reasons we hold that the trial court erred in directing a verdict for the defendant. The judgment appealed from is therefore reversed and the cause herewith remanded for further proceedings.
STURGIS, C.J., and CARROLL, DONALD, J., concur.
NOTES
[1] Schutzer v. City of Miami, Fla.App. 1958, 105 So.2d 492; Cunn v. City of Jacksonville, 67 Fla. 40, 64 So. 435; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274.
[2] 63 C.J.S. Municipal Corporations § 938, p. 419. Cf. McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867.
[3] Woods v. City of Palatka, Fla. 1953, 63 So.2d 636; Schutzer v. City of Miami, supra note 1.
[4] Mullis v. City of Miami, Fla. 1952, 60 So.2d 174; City of Jacksonville v. Foster, Fla. 1949, 41 So.2d 548.
[5] 63 C.J.S. Municipal Corporations §§ 766, 799, pp. 62, 111-112.
[6] Supra note 2.