PER CURIAM.
The plaintiff, Nellie Pentecost, has appealed a summary final judgment for the defendants Ansan Corporation and the City of Miami. Her complaint alleged that defendants were negligent in failing to remove an obstruction over which she fell. The court considered plaintiff’s deposition, photo *668 graphs of the scene, a survey of the area, and an affidavit executed by a witness who arrived on the scene shortly after the occurrence of the accident. The sole question upon appeal is whether, upon the motions for summary judgment by the two defendants, the plaintiff failed to show negligence or to establish any factual situation out of which negligence could logically be inferred. See Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5.
This question must be answered as to each defendant because the complaint alleged the violation of a separate duty by each defendant, but the essential circumstances of the accident may be considered first. Nellie Pentecost, a seventy-six-year-old lady, was a tenant in the Andes Apartments, which were owned and operated by the defendant, Ansan Corporation. The building was on the south side of Southwest Sixth Street in the City of Miami and a paved sidewalk was maintained by the city in front of the apartment house. Between the apartment house in which Miss Pentecost lived and the apartment house next door, there was a paved area which was used as a common passageway and which terminated at the sidewalk. A small pipe, one inch in diameter and one inch in height, was embedded in the city sidewalk approximately one inch from the northeast corner of the defendant Ansan’s property and one inch from the center line of the common walkway. Miss Pentecost intended to enter the passageway from the sidewalk when she tripped and fell. Her deposition states that the fall occurred when she turned from the city sidewalk into the area between the two buildings.
As to the defendant Ansan Corporation, the plaintiff has alleged a violation of the duty of the landlord to exercise ordinary care to keep in a reasonably safe condition those parts of the premises maintained by the landlord for the common use of all tenants. It may be accepted that the defendant Ansan Corporation extended to its tenants an invitation to use the common passageway between the buildings, yet it cannot be held that this duty was violated by the failure to remove an obstruction from the city sidewalk. There is nothing in the record which was before the trial judge from which it could reasonably be inferred that the Ansan Corporation was responsible for the pipe which protruded above the city sidewalk. Since the Ansan Corporation had no duty to maintain the city sidewalk, the entry of the summary judgment was proper upon the ground that the deposition and other matters before the trial judge demonstrated that there was no negligence upon the part of the defendant Ansan Corporation. It follows that the summary judgment in favor of Ansan Corporation should be affirmed.
We next consider the correctness of the summary judgment rendered in favor of the City of Miami. The plaintiff alleged that the city violated its duty to maintain its sidewalk in a reasonably safe condition. See Schutzer v. City of Miami, Fla.App. 1958, 105 So.2d 492. For the purposes of the motion for summary judgment, the record sufficiently established that the obstacle complained of was located on the city sidewalk. The pipe had been there for some length of time (“at least five years”) but there was no indication as to whether or not the pipe had protruded during all of the time it had been in the sidewalk. Since it would appear that there is a genuine issue as to notice on the part of the city of the existence and protrusion of the pipe, it would follow that the summary judgment rendered in favor of the City of Miami was erroneous and should be reversed.
The question of actual or constructive notice is the genuine issue of material fact which we conclude could not be resolved by a summary judgment. If the city placed the obstruction in the sidewalk then it would be on actual notice. Otherwise there would be a question of fact as to whether the protrusion had existed for sufficient length of time that the city would be constructively charged with notice of its existence and the possible dangerous condition that it posed.
*669 In view of the opinions expressed, the summary judgment rendered in favor of Ansan Corporation is affirmed. The summary judgment in favor of the City of Miami is reversed and the cause is remanded for further proceedings.
Affirmed in part, reversed in part and remanded.