PER CURIAM.
This is the second appearance of this case in this court. The factual situation which gave rise to this cause of action is set forth in a previous opinion, Pentecost v. Ansan Corporation, Fla.App.1962, 136 So.2d 667, wherein this court reversed a summary judgment rendered in favor of the appellee City of Miami and another, and remanded the matter for trial. Upon it coming on for trial [in accordance with our previous opinion] at the conclusion of the plaintiff’s testimony the trial judge directed a verdict for the appellee City and this appeal ensued.
Although the appellant assigned errors which may have been sufficient to challenge the failure of the trial judge to permit certain testimony into evidence, upon the preparation of the brief the only point preserved for review was the contention that the evidence properly before the trial judge, at the time of the direction of the verdict, was sufficient to make a prima facie case for the appellant. This is the only point for consideration by this court, as errors assigned and not argued are deemed abandoned. See: Carroll v. Hertz Corporation, Fla.App.1961, 132 So.2d 624; Parsley Brothers Construction Co. v. Humphrey, Fla.App.1962, 136 So.2d 257; Rule 3.7i, Florida Appellate Rules, 31 F.S.A.
Bearing in mind the factual situation as related in Schutzer v. City of Miami, Fla.App. 1958, 105 So.2d 492, at the time the cause came on for trial the appellant’s evidence was deficient in 2 particulars: first, she could not establish that the protruding pipe was in fact the object over which she stumbled and, second, she made *396 no attempt to prove for what period of time the pipe in question may have been protruding, in order to put the municipality on constructive notice [no contention of actual notice was made] of the dangerous situation. Examining the record and finding it deficient in these 2 particulars, it appears that the trial judge did not err in granting the directed verdict and, therefore, the action is hereby affirmed.
Affirmed.