CARROLL, Judge.
The appellee Elizabeth Mulholland was injured when she fell on a sidewalk bordering Biscayne Boulevard in the City of Miami. She and her husband sued the city and recovered a verdict and judgment. The city has appealed. We affirm the judgment.
The evidence adduced was sufficient to support a conclusion by the jury that the sidewalk was defective and that the city was negligent in the maintenance thereof. The city argues it was not responsible for the condition of the sidewalk because it was within a state road right of way. Cf. Leialoha v. City of Jacksonville, Fla. 1953, 64 So.2d 924. It was disclosed, however, that the sidewalk was built and maintained by the city, as also was a parkway area between the sidewalk and the part of the right of way used for vehicular traffic. On those facts, state maintenance and control of such a state road did not extend to control of the bordering sidewalk, or operate to relieve the *574 city from its duty and responsibility relating to sidewalks. City of Miami v. Western Shipping & Trading Company, 5 Cir. 1956, 232 F.2d 847; Moleske v. MacDonald, 109 Conn. 336, 146 A. 820, 822; 16 Fla.Jur., Highways § 110. Moreover, in 1960 when the accident occurred, the statutory definitions of “Road” and “State roads” (§ 334.-03(13) and (19), Fla.Stat., F.S.A.) did not include “sidewalks.” It is significant that by chapter 63-27 those statutory definitions were amended in 1963 for the purpose of including sidewalks.[1]
Other questions presented have been considered and are found to be without merit.
Affirmed.

. The title of the 1963 amending Act reads: “An Act relating to the state road department to amend subsections (13) and (19) of section 334.03, F.S., so as to include the term ‘sidewalks’ within the definitions of the words ‘road’ and ‘state roads,’ and providing an effective date.”