HENDRY, Judge.
Plaintiff appeals a final summary judgment entered in favor of the defendant, the City of Miami, in a negligence action.
The suit was commenced when plaintiff filed her complaint seeking recovery for injuries sustained when she tripped and fell over a jagged steel stump located on the sidewalk running parallel to northwest 36th Street, Miami, Florida. Northwest 36th Street is a part of the State Road System and is known as State Road 25. The stump was the remaining portion of a signpost which had been severed a few inches from the base as a result of an automobile accident which occurred some few weeks prior to plaintiff’s fall.
The point on appeal is whether there exists a genuine issue of fact as to whether the defendant city is under a duty to maintain the sidewalk in question. We think such issue does exist and reverse.
There is a presumption that a sidewalk constructed in a populous part of a city was either built by or is controlled by the city.[1] And, where a city does maintain a sidewalk, tire fact that the sidewalk is adjacent to a state road does not relieve a city of its duty of maintenance.[2]
*821 The evidence adduced in support of defendant’s motion for summary judgment did not sufficiently show that the defendant did not maintain the sidewalk. Moreover, if defendant did not maintain the particular portion of the sidewalk where plaintiff fell, this would not necessarily relieve the defendant of its responsibility of maintaining it. Such a duty could exist if defendant has maintained other portions of the sidewalk adjacent to and running parallel with the road in question, and located within the defendant’s municipal limits.
The case is therefore reversed and remanded for further proceedings.
Reversed and remanded.

. Singleton v. City of Jacksonville, Fla.App.1958, 107 So.2d 47.

. City of Miami v. Mulholland, Fla.App. 1964, 158 So.2d 573.