ANDREWS, Judge
(dissenting).
I respectfully dissent from the opinion of reversal in this cause.
The record discloses that the “dip” which was the proximate cause of the injuries to the plaintiff was constructed with the knowledge and consent of the city by the subdivision developer. The type of construction was used because it is a more economical method of handling storm drainage than the use of underground pipes. It was further shown that there were five or six similar “dips” throughout the city.
The majority decision holds, in effect, that notice to the city, actual or constructive, that the signs designating said “dip” as dangerous were missing at or before the time of the accident must be shown by the plaintiff. If the city is shown to have had such notice, it must then be shown that such notice was sufficient to give the city a reasonable time to replace such sign.
There was sufficient evidence upon which the jury could have found that the depression at the intersection constituted a continuing inherently hazardous condition and that at the time of the accident the public was not adequately warned of the condition. The duty of the city to warn the public of an inherently dangerous condition which it permits to exist is not fulfilled by the mere placing of a sign. 63 C.J.S. Municipal Corporations § 766, at 62, § 799, at 111-112. There is a further duty to make reasonable inspection to see that the public is adequately safeguarded from the dangerous condition intentionally created by the municipality. Singleton v. City of Jacksonville, Fla.App. 1958, 107 So.2d 47. The city has offered no evidence that it had inspected the intersection during the fifteen-month interval from the time the sign was allegedly erected until the date of the accident. The city by the exercise of reasonable prudence should have discovered the absence of the -warning sign of the inherently dangerous condition. Jenkins v. Brackin, Fla.App.1965, 171 So.2d 589.
Under such circumstances I feel that the defendant cannot relieve itself of liability nor defend an action for personal injuries on the basis of lack of notice that the warning sign was down. To so hold would not make the city an insurer of the safety of its streets, but it would place upon the city a duty to adequately warn the public where it permits inherently dangerous conditions to exist.
Accordingly, I would affirm.