PER CURIAM.
Plaintiff-appellant seeks review of a judgment in accordance with defendant-ap-pellees’ motions for directed verdict.
Plaintiff, Mary Harshbarger, filed a complaint against the Miami Herald Pub *42 lishing Company, Danny Batchelor, a minor, and his mother Beatrice Batchelor. She alleged therein that Danny was employed by the Miami Herald as'a newspaper delivery boy and that newspapers bound by one or two wires were dropped off by the Herald’s district manager about three times a day; that while she was walking on a public sidewalk in front of Mrs. Batchelor’s house, her foot caught in a wire causing her to trip and fall and suffer serious injuries as a result thereof. The cause came on for trial by jury and all defendants moved for a directed verdict at the close of plaintiff’s case and again at the conclusion of the trial on the grounds of contributory negligence and failure to present a prima facie case. The trial judge reserved ruling on these motions and the jury returned a verdict in favor of the plaintiff in the sum of $3,000 against all defendants and the court entered judgment thereon. Thereafter, defendant-appellees filed motions for judgment in accordance with directed verdict which were granted. Plaintiff-appellant appeals therefrom and alleges the entry thereof was error on the grounds that the evidence presented could lawfully support a determination of negligence as to all defendants. We cannot agree.
It is a well established principal of law that no liability can attach where it is not shown that the owner had actual or constructive notice of the dangerous condition. Winn-Dixie Montgomery, Inc. v. Petterson, Fla.App.1974, 291 So.2d 666 (Case No. S-381, 1 D.C.A. opinion filed February 14, 1974) and 23 Fla.Jur. Negligence § 17 (1959).
From the record, it affirmatively appears that the wire introduced into evidence by the plaintiff was not the actual wire she alleged she tripped on, but rather a sample of the wire which she claimed was the cause of her fall. Thus, there was not a single shred of evidence to establish that the newspaper wire of the defendant Miami Herald was in fact the object over which she stumbled.[1] Cf. Pentecost v. City of Miami, Fla.App.1963, 155 So.2d 395. Further, assuming arguendo that appellant did establish that it was the Herald’s newspaper wire in which she caught her foot, there was nothing in the evidence to demonstrate how the subject wire landed on the sidewalk; the duration, it remained there; that its presence was the result of some action of any of the defendants; or that the newspaper wire had been on the sidewalk a sufficient length of time to charge the defendant-appellees with constructive notice of its existence.. Therefore, we conclude that the appellant failed to show that the defendants had breached their duty toward her so that they must be held responsible in damages for her injuries. Cf. Messner, et al. v. Webb’s City, Inc., Fla.1952, 62 So.2d 66.
Accordingly, the judgment herein appealed is hereby affirmed.
Affirmed.

. Thus, the instant case is distinguishable from Peairs v. Florida Publishing Company, Fla.App.1961, 132 So.2d 561 upon which appellant has placed her reliance.