NESBITT, Judge.
The City of South Miami (City) and Dade County (County) have each appealed final judgments in favor of the Pytels based upon Mr. Pytel’s claim of injury arising from a trip and fall on the City’s sidewalk. Both the City and County challenge the sufficiency of the evidence to support the judgment. For the reasons stated, we reverse upon the County’s argument but affirm with respect to the City.
Mr. Pytel had just left his physician’s office when, while walking on a South Miami sidewalk, he tripped and fell receiving various injuries. There were no eyewitnesses to the event. In describing his fall, Mr. Pytel stated: “Well, I knew that I had hooked onto something that was solid, that much I knew ....” On cross-examination, Mr. Pytel testified that after he had fallen and while he was lying on the sidewalk, he saw a metal pipe protruding therefrom. He also acknowledged a discrepancy between this testimony and his previous testimony at deposition that he did not see the object. It is uncontroverted, however, that there was a piece of metal protruding from the sidewalk at the time and place of Mr. Pytel’s fall.
The City of South Miami does not deny that it had a duty to maintain the sidewalk upon which Mr. Pytel fell. See Bush v. City of Miami, 175 So.2d 820 (Fla. 3d DCA 1965). However, the City urges that the issue of proximate cause should not have gone to the jury since there was no direct testimony that Mr. Pytel in fact tripped over the piece of metal piping. This clearly is not the law. Roach v. Raubar, 362 So.2d 84 (Fla. 3d DCA 1978); Fletcher v. Petman Enterprises, Inc., 324 So.2d 135 (Fla. 3d DCA 1976); Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA), cert. denied, 122 So.2d 408 (Fla.1960). Consequently, we must affirm the trial court’s judgment with regard to the liability of the City.
The County’s appeal presents a different question. During trial, Section 2-95.1.(6), Code of Metropolitan Dade County, which makes the County responsible for maintenance of traffic control signals, was read to the jury. The County contends, and we agree, that the duty of the County to maintain traffic control devices, standing alone, cannot make the County liable for a protruding metal pipe absent a showing that it was the owner or had control of the pipe or that it had operated some traffic control device connected to the protruding pipe. We hold, therefore, that the plaintiff utterly failed to establish that the County was responsible for the existence of the dangerous condition that caused the injury. Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla.1959); Harshbarger v. Miami Herald Publishing Co., 294 So.2d 41 (Fla. 3d DCA), cert. denied, 305 So.2d 208 (Fla.1974). Since the plaintiff failed to establish a prima facie case of negligence against the County, and the County had no responsibility to go forward from that juncture of the proceedings, it was the duty of the trial court to direct a verdict in the County’s favor. Baro v. Wilson, 134 So.2d 843 (Fla. 3d DCA 1961).
For the foregoing reasons, the judgment against the City of South Miami is affirmed, but the remainder of the judgment is reversed with directions to enter a directed verdict in favor of Dade County.
Affirmed in part and reversed in part with directions.