PER CURIAM.
Broward County (County) appeals a summary judgment in favor of the City of Sunrise (City) deciding which entity had the duty to maintain a sidewalk owned by the County but located in the City.
Although the injury which gave rise to this cause of action occurred in 1998, the foundation for this litigation was established over thirty years ago. The facts, in chronological order, are as follows:
In 1969, the County acquired the 8200 block of West Oakland Park Boulevard by way of warranty deed from a development company. The deed stated that the transfer was “for right of way and utility purposes only.” That same year, West Oakland Park Boulevard, including the area within the right of way, was annexed [1] to the City.
In 1976, a public sidewalk was built in the right of way along West Oakland Park Boulevard.
In 1977, the Florida Legislature enacted functional classification,[2] a statutory scheme for the purpose of evaluating and classifying all the public roads in the state and assigning such roads to the appropriate public road system. § 335.04(l)(a), Fla. Stat. (1977). The functional classification scheme provided in part:
The department of local and governmental entities shall have the responsibility for the operation and maintenance of the roads under their respective jurisdictions, except as otherwise provided by law. The responsibility of a county for the operation and maintenance of any roads under its jurisdiction that extend into and through any incorporated area is limited to the roadbed, curbs, culverts, drains, and other drainage appurtenances and does not include sidewalks and any other ways in existence at the time of the transfer that are open to the public within the right-of-way of the road. The department and local governmental entities may enter into such agreements as are deemed necessary and convenient for the proper exercise of their responsibilities provided herein....
§ 335.04(2), Fla. Stat. (1993) (emphasis added).
In 1982, the Department of Transportation (DOT) classified West Oakland Park Boulevard as a county road and the street was transferred from the City to the County.
In 1995, the Legislature repealed section 335.04. It was replaced with section 335.0415 which stated, in pertinent part, that “jurisdiction of public roads and the responsibility for operation and maintenance within the right-of-way of any road within the state, county, and municipal road system shall be that which existed on *49 July 1, 1995.” § 335.0415(1), Fla. Stat. (1995).
On May 30, 1998, Abbott VanBacker tripped and fell on a sidewalk located on the 8200 block of West Oakland Park Boulevard. The slab of sidewalk upon which VanBacker tripped was raised approximately two inches higher than the rest of the sidewalk due to a tree root growing from the adjacent property underground. VanBacker sued both the City and the County and claimed that each had responsibility for maintaining and repairing the sidewalk.
The City moved for summary judgment, asserting that the sidewalk was County-owned property and thus, the County had full responsibility for maintenance and repairs. The trial court agreed and granted the City’s motion. The County appeals that ruling and contends that genuine issues of fact exist regarding which entity had maintenance responsibility. We agree and reverse summary judgment in favor of the City.
Construed together, sections 335.04(2) and 335.0415(1) demonstrate that if any entity has responsibility for the sidewalk, it is the City. Section 335.04(2) specifically states that when property is classified, maintenance responsibility for the sidewalks does not transfer. Section 335.0415(1) safeguards against any possible retroactive application. All property transferred prior to July 1, 1995 is governed by section 335.04(2). Therefore, when West Oakland Park Boulevard was classified by the DOT in 1982 and transferred to the County, responsibility for maintaining the sidewalk remained with the City.
We are not persuaded by the City’s argument that because the sidewalk is County-owned, it is the County’s responsibility. A careful reading of the functional classification statutes reveal that ownership is not the deciding factor. Instead, the responsibility is based on which entity had jurisdiction of the property at the time of the classification and transfer. In this case, it is clear that due to the 1969 annexation of the road, which the sidewalk was subsequently built upon in 1976, the City had jurisdiction of the sidewalk at the time of the 1982 classification and transfer.
These facts may suggest that the City had responsibility for maintaining the sidewalk. However, we believe that at the very least, there are genuine issues of fact present in this case which render it unfit for summary judgment.
The City argues that despite the statutory scheme, the County’s permit procedures and remedial actions prove that it had control over maintaining and repairing the sidewalk. According to testimony by County workers, the City was required to notify the County and obtain a permit for any work done to the sidewalk. In addition to this, the County repaired the sidewalk after VanBacker was injured. However, the City was unable to prove that the County had ever maintained or repaired the sidewalk prior to VanBacker’s fall. We do not find these actions by the County to be sufficient to overcome the statutory scheme.
Furthermore, the City has presented no evidence to rebut the presumption of responsibility based on the mere fact that the sidewalk is located within the municipality. See Bush v. City of Miami, 175 So.2d 820 (1965)(holding that “there is a presumption that a sidewalk constructed in a populous part of a city was either built by or is controlled by the city”). In fact, the evidence suggests that the City built the sidewalk, as it was constructed during the annexation period. These issues remain unresolved.
*50 Because neither party has conclusively shown who has responsibility for the sidewalk, summary judgment must be reversed. See Caurant v. City of Punta Gorda, 501 So.2d 701 (Fla. 2d DCA 1987) (reversing summary judgment and holding that absent conclusive proof from either party, the dispute was sufficient to create a genuine issue of fact regarding maintenance responsibility).
REVERSED and REMANDED.
POLEN, C.J., STEVENSON and TAYLOR, JJ., concur.

. Annexation is "the adding of real property to the boundaries of an incorporated municipality, such addition making such real property in every way a part of the municipality.” 12 Fla. Jur.2d Counties and Municipalities § 55 Definitions (1979).

. Functional classification is the “assignment of roads into systems according to the character of service they provide in relation to the total road network. Basic function categories include arterial roads, collector roads, and local roads which may be subdivided into principle, major or minor levels.” § 334.03(11), Fla. Stat. (2001).