Dear Messrs. English and Thiele:
You have jointly asked substantially the following questions:
1. Is the City of Tallahassee or Leon County responsible for the routine maintenance of sidewalks constructed after July 1, 1995, on public roads owned by Leon County, but located within the city limits, irrespective of when the road was constructed?
2. Is the City of Tallahassee or Leon County responsible for the routine maintenance of medians on public roads owned by Leon County, but located within the city limits, regardless of the construction date of the road?
The city and county are in disagreement as to which entity is responsible for maintenance of sidewalks and medians appurtenant to county roads located within the city limits. Due to the interrelated nature of your questions, they will be answered together.
Section 335.0415, Florida Statutes, relating to the jurisdiction of public roads provides:
"(1) The jurisdiction of public roads and the responsibility for operation and maintenance within the right-of-way of any road within the state, county, and municipal road system shall be that which existed on June 10, 1995.
(2) Notwithstanding any provision of law to the contrary, any change of the jurisdiction of a public road subsequent to July 1, 1995, shall be governed by the provisions set out herein.
(3) Public roads may be transferred between jurisdictions only by mutual agreement of the affected governmental entities."
Thus, the plain language of the statute states that responsibility for the maintenance within the right-of-way of any road within the state, county, and municipal road system is the same as that which existed on June 10, 1995. The Legislature has not provided any exception for improvements, such as sidewalks, that are made after such date and specifically states that any change of the jurisdiction of a public road after July 1, 1995, is governed by the provisions set forth in the statute. If there has been a transfer of jurisdiction, however, subsequent to June 10, 1995, both local jurisdictions must mutually agree and it would appear prudent that the local jurisdictions address the responsibility for the maintenance of sidewalks and the median in such an agreement.
You state that at the time of passage of section 335.0415 (then numbered as section 335.041, Florida Statutes), [1] section 335.04(2), Florida Statues (1993), designated local responsibility for the operation and maintenance of roads under a local government's jurisdiction as follows:
"The department and local governmental entities shall have the responsibility for the operation and maintenance of the roads under their respective jurisdictions, except as otherwise provided by law.The responsibility of a county for the operation and maintenance of anyroads under its jurisdiction that extend into and through anyincorporated area is limited to the roadbed, curbs, culverts, drains,and other drainage appurtenances and does not include sidewalks and anyother ways in existence at the time of transfer that are open to thepublic within the right-of-way of the road. The department and local governmental entities may enter into such agreements as are deemed necessary and convenient for the proper exercise of their responsibilities provided herein; however, the department shall not maintain any facilities which are located off the State Highway System." (e.s.)
The term "time of transfer" would appear to indicate when jurisdiction over or responsibility for the roadway has changed via a transfer from either the Florida Department of Transportation (department) to a local government or between local governmental entities. Section 335.04(1), Florida Statutes (1993), made the department responsible for the collection of data for planning and functional classification purposes and required the department to evaluate and "functionally classify" all the public roads in the state. Each public road was then assigned to the appropriate public road system on the basis of its functional classification.[2] Presently, all roads that are open to the public and dedicated to public use are designated public roads, categorized into four systems: the State Highway System; the State Park Road System; the county road system; and the city street system.[3]
I would note that section 335.04, Florida Statutes (1993), was repealed by the same legislative act which created section 335.041 (now section 335.0415, Florida Statutes).[4] It would not, however, appear to affect the responsibility for operation and maintenance within the right-of-way of any road as that responsibility existed on June 10, 1995. To conclude otherwise would leave no legislative direction as to the placement of responsibility for the operation and maintenance of roads, an absurd result which must be avoided.[5]
"Right-of-way" is defined as "land in which the state, the department, a county, or a municipality owns the fee or has an easement devoted to or required for use as a transportation facility."[6] With respect to any county roads that extend into and through a municipality, the median would, without question, be located within the right-of-way of the county road and, if found to be a "way" open to the public in existence at the time jurisdiction over the roadway vested in the county, would not be the responsibility of the county to maintain. As related above, the county is responsible for the maintenance of the roadbed, curbs, culverts, drains, and other drainage appurtenances. Where the Legislature has enumerated those things upon which a statute operates, no others may be inferred.[7] Thus, absent a mutual agreement to the contrary, maintenance of any sidewalks or other ways open to the public within the right-of-way in existence at the time of the transfer of jurisdiction to the county, is not the responsibility of the county.
While not directly on point, the court's discussion in Broward Countyv. City of Sunrise, Florida, Abbott Vanbacker, and Bell SouthTelecommunications, Inc., [8] provides support for concluding that when the city has sidewalk maintenance responsibility as of the effective date of section 335.0415, Florida Statutes, such responsibility is retained and continues relative to a county road that passes through the city's jurisdiction. The case involved entry of a summary judgment against Broward County making the county responsible for the sidewalk on a county road located within the city. The Fourth District Court of Appeal construed sections 335.04(2) and 335.0415(1), Florida Statutes, together and determined that the city was responsible for the sidewalk, since the city had maintenance responsibility before July 1, 1995, and such responsibility remained with the city pursuant to section 335.0415(1), Florida Statutes.
There is no evidence in the plain language of the statute or in the legislative history accompanying passage of section 335.0415, Florida Statutes, that would alter the city's responsibility for the maintenance of sidewalks located within its jurisdiction, regardless of when they are constructed. Maintenance responsibility is fixed as of June 10, 1995, along with the jurisdiction of the road. Likewise, it would appear that the city is responsible for the maintenance of the median of county roads within its jurisdiction, as such medians are "ways" within the right-of-way that are open to the public for travel.
Accordingly, it is my opinion that the maintenance of sidewalks and medians adjacent to county roads located within the city is the responsibility of the city, absent a maintenance agreement between the city and the county to the contrary.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See s. 34, Ch. 95-257, Laws of Fla.
[2] Section 335.04(1)(a), Fla. Stat. (1993).
[3] Section 335.01, Fla. Stat.
[4] Section 35, Ch. 95-257, Laws of Fla.
[5] See, e.g., State v. Iacovone, 660 So. 2d 1371, 1372 (Fla. 1995);Shell Harbor Group, Inc. v. Department of Business Regulation,Division of Alcoholic Beverages and Tobacco, 487 So. 2d 1141 (Fla. 1st DCA 1986).
[6] Section 334.03(22), Fla. Stat.
[7] See Dobbs v. Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952),and Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944), for the proposition that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.
[8] 805 So. 2d 46, 49 (Fla. 4th DCA 2001).