[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment as to count one on the ground that a material issue of fact exists as to whether the defendant was bound to deep the Route 191 in good repair; as to count two on the ground that 13a-149 is the plaintiff's exclusive remedy for a defective highway; as to count seven on the ground that derivative claim for medical expenses is improper under the defective highway statute.
The plaintiffs, Robert J. Murphy, Jr., Robert J. Murphy, Sr., and Sandra Murphy, filed a complaint on March 2, 1988, alleging damages arising from a one vehicle motorcycle accident occurring on May 5, 1986. The complaint alleges that the plaintiff Robert J. Murphy, Jr. (hereinafter plaintiff) was operating his motorcycle on State route 191 in East Windsor when he reached a stretch of roadway that was more uneven and rough than other portions. The complaint further alleges that the defect in the roadway caused the plaintiff to lose control CT Page 8928 of the motorcycle and be thrown form it, causing severe injury. This defect is alleged to have been caused by excavation work performed by defendant Cammisa-James, Inc. (hereinafter Cammisa-James) pursuant to a contract with the defendant Town of East Windsor (hereinafter defendant) for the installation of a sanitary sewer line.
In the first count, the complaint alleges that the defendant, Town of East Windsor, violated it statutory duty under Title 13a of the General Statutes "to use reasonable care to keep the highways and/or streets reasonable safe for public use and travel." The complaint further alleges that the proper notice was given to the defendant pursuant to General Statutes 13a-149.
In the second count, the complaint alleges that the stretch of roadway on which the plaintiff was injured was designed, created, constructed and/or maintained by the defendant "in such a manner that it constituted a nuisance and a continuing condition, the natural tendency of which was to create danger and inflict injury upon persons or property lawfully using said stretch of highway.: In addition, the complaint alleges that as a result of the nuisance, the plaintiff suffered severe injury.
In the seventh count, the plaintiffs, Robert J. Murphy, Sr. and Sandra Murphy, allege that they are the parents of the plaintiff who was a minor at the time of the accident, and are therefore responsible for his medical bills and related expenses. They further allege that due to those medical expenses, they have suffered special loss and damage.
The defendant moves for summary judgment on count one, two, and seven of the complaint. The defendant has filed a memorandum of law in support of the motion for summary judgment, along with responses to defendant's request for admissions, the deposition transcript of Mr. Richard Williams, Superintendent of the Town of East Windsor's Water Pollution Authority, the deposition of Francis Costanzo, a copy of the excavation permit, a copy of the contract between Buck Buck Engineering and the defendant, and a coy of the contract between Cammisa-James and the defendant. The plaintiff has filed a memorandum in opposition to the defendant's motion, dated June 21, 1991, along with a copy of General Statutes13a-149, a copy of Regulations of Connecticut State Agencies, 13b-17-28, an excerpt from the deposition of Francis Costanzo, and the minutes of the February 21, 1984 meeting of the East Windsor Water Pollution Authority. Defendant has filed a reply memorandum, dated September 30, 1991. The complaint was filed on March 2, 1988 and the defendant filed an answer on May 22, CT Page 8929 1991. Therefore, as required by Practice Book 379, the pleadings are closed as between the parties to the motion.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleading, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298
(1990). Because the party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact, the facts presented must be viewed in the light most favorable to the party opposing the motion. State v. Goggin,208 Conn. 606, 615, 546 A.2d 250 (1988). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavit and documents."
In its memorandum of law in support of the motion for summary judgment, the defendant argues, with respect to count one, that it cannot be liable under General Statutes 13a-149, because Route 191 is a state highway and therefore the Town of East Windsor is not "the party bound to keep it in repair." The plaintiffs concede, in their memorandum in opposition, that Route 191 is a state highway, but argue that the defendant was still bound to keep the roadway in repair by virtue of an excavation permit that had been issued by the State Department of Transportation (DOT) to the Town of East Windsor's Water Pollution Authority, for the purpose of installing sanitary sewer lines. The plaintiffs argue that the language on the permit and DOT regulations regarding the issuance of such a permit, placed a duty on the defendant to keep the roadway in good repair.
"General Statutes 13a-149 provides that `any person injured in person or property by means of a defective road or bridge may recover damages form the party bound to keep it in repair.'" Ryszkiewicz v. New Britain, 193 Conn. 589, 594,479 A.2d 793 (1984). Generally, a municipality does not have the duty to repair a state highway. See Griffith v. Berlin,130 Conn. 84, 87, 32 A.2d 56 (1943). However, a material issue of fact exists as to whether the defendant was bound to keep the roadway in repair. The excavation permit (Exhibit D appended to Motion for Summary Judgment) states in part:
 5. No temporary pavement shall be placed to allow for traffic to compact the fill. Should the temporary pavement settle, it shall be replaced at once so that an acceptable riding surface will be maintained CT Page 8930 throughout the site at all times.
 7. Disturbed areas will be restored to original condition.
In addition, Regulations of Connecticut Agencies, 13b-17-28 (Plaintiff's Exhibit 2) requires that the permittee "make certain that the security of the traveling public is safeguarded and that their rights are not unreasonable curtailed." Further, the permit was issued on March 24, 1984 and remained open until April 23, 1987. Therefore, the permit was open on the date of the plaintiff's accident on May 5, 1986.
Viewing the facts in the light of most favorable to the plaintiffs, a material issue of fact exists as to whether the defendant was bound to keep the stretch of roadway on Route 191 in repair. Although Route 191 is a state highway, the excavation permit and the DOT regulation raised a factual question as to whether the defendant still had a duty to maintain the in a safe condition. Since a material issue of fact exists, the motion for summary judgment as to count one of the plaintiff's complaint is denied.
With regard to count two, the defendant argues in its memorandum of law in support of the motion for summary judgment that the plaintiffs' nuisance claim must fail because the complaint fails to allege that the defect was caused by any positive act of the defendant. The plaintiffs respond in their memorandum in opposition that the defect in the roadway was caused by the positive act of the defendant in initiating the sewer project, and contracting with an engineering firm to supervise the project, and contracting with Cammisa-James to carry out the project.
Regardless of the opposing arguments, summary judgment is granted as to the second count because a nuisance claim may not be brought as a result of a defect in a highway. "[A]n action under the highway defect statute, 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision `for damages resulting for injury to any person or property by means of a defective road or bridge.'" Sanzone v. Board of Police Commissioners, 219, Conn. 179, 192,592 A.2d 912 (1991).
The defendant also moves for summary judgment on count seven of the complaint, in which the plaintiff's parents seek medical expenses. In support of its motion for summary judgment as to count seven, the defendant argues that, as a derivative claim, if the court grants its motion with regard CT Page 8931 to count one and two, it should also grant the motion for count seven. Further, the defendant argues that, as a matter of law, the defective highway statute prohibits derivative claims. The plaintiffs concede, in their memorandum in opposition, that the parents' claim for medical expenses is an derivative claim, but argue that because there are no grounds for summary judgment on count one and two, there is also no ground for summary judgment on count seven. The plaintiffs further argue that derivative claims are allowable under the defective highway statute.
The Connecticut Supreme Court has recently decided the issue of whether the derivative claim of loss of consortium is permitted under the defective highway statute. "Section13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured `traveler.'" Sanzone v. Board of Police Commissioners, supra, 199. Further, "[a] spouse of the person who is actually injured while using the highway but who has not himself sustained personal injury or property damage may not recover consequential damages for medical expenses . . . resulting form such injury.: Frenette v. Town of East Hartford, 9 CLT 36, pp. 16-17 (Super.Ct., March 21, Hammer, J.)
The defective highway statute allows recovery for the injured traveler only. Therefore, the parents' claim for medical expenses is impermissible.
Accordingly, the defendant's motion for summary judgment as to count seven is granted.
HENNESSEY, J.