JOHN CUSICK *vs.* THE CITY OF NORWICH.

The duty of keeping a highway in a safe condition for public travel, involves the duty of a reasonable supervision of the highway.

Where the exercise of such supervision would have led to the discovery of a defect in season to repair it or protect the public against it, there is the same liability for an injury caused by the defect as if there had been actual knowledge of it.

CASE, for an injury from a defect in a sidewalk of the defendant city ; brought to the Superior Court in New London County, and tried to the jury on the general issue before

*Park, J.*   Verdict for plaintiff and motion for a new trial by the defendants for error in the charge of the court.   The case is sufficiently stated in the opinion.

*Halsey* and *Pratt*, in support of the motion, cited *McGinity* v. *Mayor &c. of New York*, 5 Duer, 674; *Griffin* v. *Mayor &c. of New York*, 9 N. York, 456; *Converse* v. *Morgan*, 18 id., 84; *Requa* v. *City of Rochester*, 45 id., 129; *City of Chicago* v. *Robbins*, 2 Black, 418; *S. C.*, 4 Wall., 657.

· *Hovey* and *Ripley*, with whom was *Wait*, contra, cited *Manchester* v. *City of Hartford*, 30 Conn., 118; *Wendell* v. · *City of Troy*, 39 Barb., 329; *Mersey Dock Trustees* v. *Gibbs*, Law Reps., 1 House of Lords Cas., 93; Shearm. & Redf. on Negligence, § 147, note 4; id., § 149, note 4; id., § 400, note 4; Dillon on Municp. Corp., § 790.

PHELPS, J.   The jury have found that the plaintiff was injured by falling in the evening into an insufficiently protected excavation in one of the sidewalks of a principal street and thoroughfare in the city of Norwich.   The excavation was made by a proprietor who adjoined the street in preparing for the erection of a building for his own use, and the question in the court below was, whether the defendant was guilty of negligence with respect to the proper security of the place.   The verdict disposed of all the questions made in the Superior Court except that of the propriety of the instruction which was given to the jury, and that alone is presented in the defendant's motion.

The jury were told that if they found the street to be in fact defective, the defendant was liable if it had express notice of the defect;—or if the defect had existed for so long a time as under the circumstances to make the defendant fairly chargeable with notice;—or if it had failed to exercise reasonable supervision of its streets when if such supervision had been exercised it would have had knowledge of the defect and reasonable opportunity to repair it before the injury to the plaintiff occurred, whether it knew of the defect or not.

Of the first two branches of the instruction the defendant does not complain, and rests its claim to a new trial wholly on the last.

Cities and other similar municipal corporations are bound at all times to keep their highways and streets in reasonably safe and proper condition for public use. Sidewalks when necessary to be constructed for public convenience are parts of the streets, and with respect to them a similar duty is imposed, and if by the extraordinary action of the elements or other cause they become temporarily defective and unsafe, they should be properly guarded so as to warn and protect the public. A reasonable degree of care and supervision are involved in this duty, and without their exercise the duty cannot be faithfully performed. Within the limits of the rule laid down by the Superior Court in this case the corporation is primarily liable for excavations or obstructions made or placed in or upon a street by a citizen for his private purpose, and to guard against the occurrence and continuance of such defects some attention and oversight are required. They are certainly necessary when if properly exercised they would give the corporation knowledge of defects and timely opportunity to repair them, and if it failed to exercise reasonable oversight and an injury therefrom resulted, the corporation would be culpable, whether or not it had actual knowledge of the defect. *Manchester* v. *City of Hartford*, 30 Conn. R., 118.

There is no appreciable legal distinction affecting the abstract question of municipal liability, between actual knowledge and the means of knowledge arising from the performance of a duty plainly imposed by law; and where such duty is disregarded, and an injury directly results, the negligence is as apparent as if there had been a defect so long continued as to raise the presumption of knowledge of its existence.

We think the jury were properly instructed and that there should be no new trial.

In this opinion the other judges concurred; except PARK, J., who having tried the case in the court below, did not sit.