FLORENCE GRIFFITH *v.* TOWN OF BERLIN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 4—decided April 20, 1943.

*Samuel H. Platcow,* with whom was *Nathan A. Resnik,* for the appellant (plaintiff).

*Cyril F. Gaffney,* for the appellee (defendant).

JENNINGS, J.   The question to be decided is whether the defendant town is liable for damages for personal injuries suffered by the plaintiff by reason of snow

and ice on the shoulder of a state highway used by the public as a footpath. Judgment was rendered for the defendant. The plaintiff claims that the facts found do not support the conclusion reached.

The defendant is a municipal corporation having a population slightly over five thousand. It has never constructed or maintained sidewalks. The Kensington Fire District, hereinafter referred to as the district, is a municipal corporation existing within the defendant town. The injury occurred within the district. The district constructed and maintained sidewalks within its limits as the need therefore was determined. New Britain Road is a heavily traveled state trunk-line highway, sixty-six feet wide, passing through the defendant town and the district. The district had constructed a four-foot sidewalk on the easterly side of New Britain Road. It extended about one quarter of a mile north from Upson's Corner. There was a sudden drop of four inches at the northerly terminus of the sidewalk to the surface of the unpaved portion of the state highway. North of this point were a factory employing between two and three hundred persons and numerous residences. Pedestrians had beaten a path along the shoulder of the state highway extending northerly from the northerly terminus of the sidewalk. This was extensively used and was an avenue of travel of local concern. It was defective due to snow and ice and made rough and uneven by trucks passing over it, of which the defendant had constructive notice. Snow on the state highway was always removed by the state highway department.

At about ten o'clock on the morning of January 21, 1939, the plaintiff walked northerly along the sidewalk, onto the highway and along the path on the shoulder for a distance of five or six steps. She then slipped, fell and was injured. She was in the exercise of due

care. On these facts the trial court concluded that the town was under no duty to exercise reasonable care to keep that portion of the highway where the plaintiff fell in a reasonably safe condition and rendered judgment for the defendant.

The suit was based on General Statutes, § 1420. This provides that "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." Section 1510 provides that trunk-line highways shall be maintained and repaired by the highway commissioner. Section 1526 places the responsibility for snow removal on him. Section 1481 gives to a person injured by means of a defective road which it is the duty of the highway commissioner to repair the right to bring suit against him. In *Murphy* v. *Norfolk,* 94 Conn. 592, 110 Atl. 62, suit was brought against the town for injuries suffered on a state-aid highway. The direction of a verdict in favor of the town was sustained on the ground that, under the statutes, the state alone was liable.

To avoid the obvious implications of these statutes and this decision, the plaintiff relies on the case of *Moleske* v. *MacDonald,* 109 Conn. 336, 146 Atl. 820. In that case a plaintiff brought suit for damages against the highway commissioner because of injuries sustained on a defective sidewalk on the side of a trunk-line highway. A demurrer to the complaint was sustained on the ground that the town and not the state was under the duty of keeping the sidewalk in repair. The opinion on appeal reviewed the history of the relevant statutes and held (p. 341): "We discover no purpose and we conceive it contrary to the policy of the State reflected in its legislation, to interfere with or modify the obligations of towns for any roads or other avenues of travel, which are of only local concern. Sidewalks

are of this character. They serve local convenience almost wholly and have no relation to, nor do they contribute to, the facilitating of that public travel which the State aims to serve by the establishment of state aid and trunk line roads between the towns and across the State.

"To so interpret the word 'road' in the Act in question would destroy the power and obligation of the towns over subjects of purely local interest, would do violence to the whole spirit and purpose of the Act and run counter to the consistent policy of the State to which we have made reference. It would substitute a literal but unnecessary interpretation of a legislative Act for a vital one effectuating the underlying legislative intent."

In the *Moleske* case the sidewalk was constructed of tar and was separated from the wrought portion of the highway. In this case, the path was along the shoulder of the highway and nothing had been done either by the town or the state highway commissioner to divide it from the rest of the roadway. The shoulders of a highway, while not designed for ordinary vehicular traffic, are intended for use when need arises. *Minacci* v. *Logudice*, 126 Conn. 345, 348, 11 Atl. (2d) 354. They are a part of the wrought portion of the highway and, in the case of a state highway, control over them is necessarily in the state highway commissioner; he, if anyone, would be liable for a defective condition arising in them. See *Rusch* v. *Cox*, 130 Conn. 26, 31 Atl. (2d) 457. An obligation on the part of a town to respond in damages to a pedestrian injured by a defective condition in the shoulder of a state highway would necessarily imply a control by the town over the place where the injury occurred, and this would be directly contrary to the intent of the statutes which place control over state highways in the highway commis-

sioner. The trial court was correct in its conclusion that the defendant town was under no duty to keep in repair the portion of the highway where the plaintiff fell.

The plaintiff also relies on §422e of the Cumulative Supplement of 1939, which authorizes the highway commissioner to construct footpaths or sidewalks along state trunk-line highways and places the responsibility of removing snow or ice therefrom on the town. This act became effective after the date of the accident but the plaintiff cites it as throwing light on the legislative intent. If, however, the statute had been in force, it would not apply because the state had not constructed any footpath or sidewalk at the place in question.

There is no error.

In this opinion the other judges concurred.