RALPH LETTIERI
*vs.*
HERON TODD

Superior Court      Hartford County      File No. 71802

MEMORANDUM FILED NOVEMBER 14, 1944.

*Ralph G. Woolfson,* of Hartford, for the Plaintiff.

*Robert L. Halloran,* of Hartford, for the Defendant.

O'SULLIVAN, J.   While walking home from school along a public sidewalk on Franklin Avenue in Hartford, the plaintiff, a minor, was struck on the head by a piece of concrete which was flying through the air as the result of the negligent manner in which the defendant contractor was breaking up the street surface of the avenue.   To this cause of action the defendant filed a special defense alleging that Franklin Avenue was closed to all traffic on the day in question and that signs had been duly posted indicating to the public that the avenue was closed and that those using it would do so at their own risk.

This defense is made the subject of the instant demurrer whose main contention, stated in various ways, is that the posting of notices on a highway applies only to vehicular traffic and is inapplicable to foot travelers using the adjoining sidewalk.

The pleadings fail to allege whether the State Highway Commissioner or the Superintendent of Streets of the City of

Hartford, or both, posted the signs, save as those facts may be inferred by the statement in the attacked defense that Franklin Avenue was closed to traffic in conformity with section 151 of the Hartford Charter, giving the Superintendent of Streets that power, and with section 1513 of the General Statutes, Revision of 1930, which confers a like power on the State Highway Commissioner. At any rate, the parties have argued the demurrer on the assumption that both individuals posted the notices. In view of this position, the basic claim raised by the demurrer will be considered.

The demurrer concedes, then, that Franklin Avenue was closed to all traffic, and while the plaintiff argues to the contrary, this leads inevitably to the proposition that the closing affected everyone using the avenue, whether he was in the act of operating a vehicle or proceeding on foot. The statute and the special act make no distinction between the types of users. McManus vs. Jarvis, 128 Conn. 707.

An important point upon which this litigation may turn, it seems to me, is whether the signs did in fact close the entire highway or merely that part devoted to vehicular traffic. Ordinarily, sidewalks form a part of the highway. State vs. McMahon, 76 Conn. 97, 105; Manchester vs. City of Hartford, 30 id. 118, 120. And for present purposes, the demurrer admits that the entire highway, including the sidewalks, was closed to traffic. But the word "street", while often used as a synonym for "highway", is also employed in a more restricted sense, as applying only to that portion actually devoted to the use of vehicles. Moleske vs. MacDonald, 109 Conn. 336, 338, 339.

The charter of the city apparently makes this distinction, for it confers on the street superintendent the necessary authority to close any street or highway. Likewise the State Highway Commissioner may close traffic over any section of certain highways.

The opportunity to ascertain what section or part of Franklin Avenue was closed cannot be enjoyed in treating a demurrer, which concedes that the entire highway was subjected to the legal effect that follows the posting of signs. At the trial, it may develop that only the street or a section thereof was in fact closed to traffic. But I cannot, on demurrer, so hold.

The demurrer is overruled.