MAURICE TUCKEL *v.* NEWMAN E. ARGRAVES,
HIGHWAY COMMISSIONER

BALDWIN, C. J., KING, MURPHY, MELLITZ and BORDON, Js.

Argued March 9—decided May 2, 1961

*William J. Butler,* with whom, on the brief, were *Aaron L. Gersten* and *Harold Gersten,* for the appellant (plaintiff).

*George D. Brodigan,* with whom, on the brief, were *Alfred F. Wechsler* and *David M. Shea,* for the appellee (defendant).

KING, J. The substitute complaint in effect alleged: The plaintiff was walking on a sidewalk in East Hartford, within the limits of a trunk-line highway, when a directional sign fell on him. The sign, indicating "Boston" and "Springfield," was maintained within the highway limits by the defendant as highway commissioner. It fell because of its defective condition, which was the result of neglect

by the defendant in its maintenance. When the plaintiff was struck by the sign, he received injuries for which he seeks to recover damages.

A demurrer filed by the defendant was sustained on each of three grounds. The allegations of the complaint make it clear that the plaintiff was injured while he was walking on a sidewalk. But it is not alleged that the sidewalk was defective, and the plaintiff himself admits in his brief that it was not. The plaintiff's claim is that there was a defective condition within the limits of a trunk-line highway, although not within the limits of the sidewalk, which injured him while he was walking on the sidewalk. Of course it is true that if a private citizen has by his negligence injured a pedestrian on a sidewalk there may be a cause of action in common-law negligence against the private citizen. See cases such as *Sedita* v. *Steinberg*, 105 Conn. 1, 9, 134 A. 243, *Oneker* v. *Liggett Drug Co.*, 124 Conn. 83, 86, 197 A. 887, and *Fabrizi* v. *Golub*, 134 Conn. 89, 94, 55 A.2d 625, involving negligence of an abutter, and cases such as *Gates* v. *Crane Co.*, 107 Conn. 201, 203, 139 A. 782, involving negligence of a private citizen who is operating a motor vehicle in the vehicular portion of the highway. But such a common-law cause of action does not exist against the highway commissioner, since a suit against him is a suit against the sovereign. This was fully appreciated by the plaintiff, who instituted this action under the provisions of what is now § 13-87 of the General Statutes.

Since this action was brought under the provisions of a particular statute, and no right of action exists at common law, the burden was on the plaintiff to allege the facts necessary to bring himself within the terms of the statute, the material por-

tions of which are quoted in the footnote.[1] *Bartram v. Sharon,* 71 Conn. 686, 692, 43 A. 143; *Perrotti v. Bennett,* 94 Conn. 533, 542, 109 A. 890; *McManus v. Jarvis,* 128 Conn. 707, 710, 22 A.2d 857.

It is settled law that the statutory right of action is given only to a traveler on the road or sidewalk alleged to be defective. *Hay v. Hill,* 137 Conn. 285, 290, 76 A.2d 924, and cases cited therein. The allegation that the plaintiff was walking along the sidewalk was a sufficient allegation that he was a traveler thereon. But the statutory liability of the highway commissioner for a defective highway and his statutory liability for a defective sidewalk differ entirely. This is true even though, as alleged here, the sidewalk is within the limits of a trunk-line highway, the claimed defective condition existed within those limits, and the condition arose because of the neglect of the highway commissioner. The statutory liability of the commissioner exists only in the case of a traveler on a highway or sidewalk "which it is the duty of the highway commissioner to keep in repair." Ordinarily, this duty to keep in repair is imposed on the commissioner with respect to the vehicular portion of a trunk-line highway but not with respect to a sidewalk, even though it lies within the limits of a trunk-line highway. *Moleske v. MacDonald,* 109 Conn. 336, 339, 146 A. 820; *Hornyak v. Fairfield,* 135 Conn. 619, 621, 67 A.2d 562; *Schoenfeld v. Meriden,* 136 Conn. 346, 350, 70 A.2d 922. "[W]here the state takes over an existing

[1] "Sec. 13-87. DAMAGES FOR INJURIES SUSTAINED ON STATE HIGH-WAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective road . . . or sidewalk which it is the duty of the highway commissioner to keep in repair . . . may bring a civil action to recover damages sustained thereby against the high-way commissioner . . . ."

street or highway as a state road, it assumes the responsibility for its use and maintenance for all purposes incident to vehicular traffic, and it leaves undisturbed the existing responsibility of the municipalities for sidewalks and the like." *Schoenfeld* v. *Meriden,* supra, 351. Under the provisions of § 13-125 (c), there are certain exceptions to the foregoing general rule, but the complaint contains no allegations which would bring the sidewalk here within any of those exceptions or in any other manner indicate that it was a sidewalk which the defendant was under a duty to keep in repair. *Schoenfeld* v. *Meriden,* supra. Thus, even had the plaintiff alleged that the sidewalk was defective, and, as pointed out, he did not, the complaint would have been fatally inadequate for lack of any allegations showing that it was a sidewalk which it was "the duty of the highway commissioner to keep in repair." § 13-87.

This difference in the statutory liability of the highway commissioner as to the portion of a trunk-line highway which is a sidewalk, and the portion which is open to vehicular traffic, is crucial. When taken in conjunction with the rule that the statutory right of action is restricted to a plaintiff who is a traveler on the highway or sidewalk alleged to have been defective, it clearly and necessarily requires that the plaintiff allege that he was a traveler on or user of the particular area, whether the vehicular portion of the highway or the sidewalk, which he claims to have been defective.

The complaint might have contained allegations sufficient to state a cause of action under the statute if the plaintiff had alleged that he was a traveler in the vehicular portion of the highway, as, for instance, on a footpath running along the shoulders.

*Hay* v. *Hill,* supra; *Griffith* v. *Berlin,* 130 Conn. 84, 87, 32 A.2d 56. But here the plaintiff distinctly alleged that he was walking on a sidewalk. He did not allege, nor does he claim, that the sign, even though outside the limits of the sidewalk, made the sidewalk itself defective, so that he could be said to have based his cause of action on the defendant's statutory liability for a defective sidewalk. *Hay* v. *Hill,* 137 Conn. 285, 289, 76 A.2d 924. And even if he had so claimed, there was nothing to indicate that the defendant was responsible for the maintenance of this sidewalk. The complaint, in essence, sought recovery by a traveler on a sidewalk within the limits of a trunk-line highway for injuries sustained by reason of a defective condition in the adjoining vehicular portion of the highway.

The first ground of demurrer was that it appeared from the allegations of the complaint that the defendant was a pedestrian on the sidewalk and not a traveler on the highway. For the foregoing reasons this ground of demurrer was sound, since the complaint alleged, not a defective condition of the sidewalk, but a defective condition in some other area although within the highway limits. It becomes unnecessary to consider the other grounds of the demurrer because it was correctly sustained on the first ground. *Turrill* v. *Erskine,* 134 Conn. 16, 20, 54 A.2d 494. After the demurrer had been sustained, the plaintiff did not attempt to plead over under the rule of cases such as *Newman* v. *Golden,* 108 Conn. 676, 680, 144 A. 467, and *Cook* v. *Lawlor,* 139 Conn. 68, 72, 90 A.2d 164. There was no error in the entry of judgment for the defendant.

There is no error.

In this opinion the other judges concurred.