[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #135
The plaintiff, Sara Lipwich, brings this action against the Commissioner of Transportation to recover for personal injuries which she claims to have suffered on October 8, 1992, when she was caused to fall while walking on a sidewalk which ran adjacent to a Department of Motor Vehicles (DMV) building on State Street in Hamden, Connecticut.
The defendant Commissioner has moved for summary judgment on the basis that: (1) the DOT had no statutory duty to maintain or repair the location of the alleged fall; and (2) the plaintiff failed to allege in the complaint that a state agency requested the DOT to maintain the subject sidewalk so as to invoke the provisions of C.G.S. § 13b-30.
Considering first, the second ground relied upon by the defendant in support of his motion for summary judgment, he claims that the court lacks subject matter jurisdiction since the complaint fails to allege that the DMV requested the DOT to maintain the sidewalk where the plaintiff alleges to have fallen.
Section 13b-30 of the Conn. General Statutes provides: CT Page 12886
 Maintenance of roads on state property. From funds appropriated to the department of transportation for general operations, the commissioner of transportation shall, on request of the state agency having jurisdiction over the property involved, maintain and improve the roads and drives on the grounds of state institutions . . . and other state agencies. . . .
The defendant relies to a large extent in making its argument on Amore v. Frankel, 228 Conn. 358 (1994). However, in this case, unlike the situation in Amore, the plaintiff has alleged in her complaint that the sidewalk in question was a road or drive which the Commissioner was required to maintain pursuant to C.G.S. § 13b-30. Additionally, unlikeAmore, the plaintiff has filed deposition transcripts concerning requests by representatives of DMV to perform certain repairs and maintenance. A review of these transcripts leads the court to conclude that an issue of fact exists as to whether the Commissioner was requested by DMV to maintain the area in question thus precluding the granting of summary judgment on that basis.
As to the first ground of the defendant's motion, whether or not the Commissioner had a statutory duty to maintain the location of the plaintiff's alleged fall, a question of law is presented.
In order for the plaintiff to prevail pursuant to C.G.S. § 13a-144, she must establish that the Commissioner had a statutory duty to maintain the area where she fell. Cairnsv. Shugrue, 186 Conn. 300, 310 (1982). It appears clear from the documents submitted by the parties that the sidewalk where the plaintiff claims to have fallen was not part of the state highway system as defined in Conn. General Statutes § 13a-14. Therefore, any duty on the part of the Commissioner must arise, if at all, by virtue of the operation of § 13b-30.
It is the defendant's claim, however, that § 13b-30 does not create such a duty since the plaintiff is alleged to have fallen on a sidewalk, whereas § 13b-30 deals only with "roads and drives." Thus, the issue becomes whether the term "roads and drives", as that term is used in § 13b-30, is broad enough to impose liability upon the Commissioner, pursuant to §13a-144, when the alleged defect is on a sidewalk. CT Page 12887
Since § 13a-144 creates a cause of action which did not exist at common law and is in derogation of sovereign immunity, it must be strictly construed to be given that effect which makes the least change in sovereign immunity. Ozmun v. Burns,18 Conn. App. 677, 680 (1989); White v. Burns, 213 Conn. 307,312 (1990). Since § 13b-30 defines a duty, the breach of which gives rise to an action under § 31a-144, it too must be strictly construed.
The term "road" being comprehensive, the meaning to be given it must be determined from the context in which it is used.Moleske v. McDonald, 109 Conn. 336, 339 (1929). Traditionally, with respect to state highways, the maintenance of the portion thereof dedicated to vehicular traffic, has been the responsibility of the state, whereas the responsibility with respect to adjoining sidewalks remains with the town because they are subjects of purely local interest. Hornyak v.Fairfield, 135 Conn. 619, 621-22 (1949); Moleske v.MacDonald, supra, at p. 341.
An analogy may be drawn with respect to the instant case. While the roads and drives may become the responsibility of the Commissioner pursuant to § 13b-30, the sidewalks which service a state agency or institution are more appropriately maintained by the state agency itself.
The legislature did see fit to specifically mention "sidewalk" in those statutes in which it intended them to be included within the responsibility of the Commissioner, e.g., Conn. General Statutes § 13a-41, dealing with sidewalks on bridges, and, of course, § 13a-14. The legislature did not see fit to include "sidewalks" in the language of § 13b-30.
There are credible arguments to be made on both sides of the issue at hand, but, in construing § 13b-30 strictly insofar as the expansion of sovereign immunity is concerned, the court believes such section should be interpreted not to include "sidewalks" within the term "roads and drives".
Therefore, the defendant's motion for summary judgment is granted.
Bruce W. Thompson, Judge CT Page 12888