[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, the Connecticut Commissioner of Transportation (Commissioner), moves to dismiss the first count of the plaintiff's amended complaint based on sovereign immunity.
The first count alleges that on May 14, 1993, the plaintiff rode a bicycle on a sidewalk which abuts Route 14, a state road, in the town of Plainfield; encountered a defective condition in the sidewalk; lost control of the bicycle; and suffered injuries from the fall. The plaintiff proceeds under C.G. § 13a-144
which statute waives sovereign immunity from suit, under certain circumstances, in negligence actions arising from defective highways, bridges, and sidewalks which the Commissioner has a duty to maintain. The sole issue presented by this motion is whether a sidewalk lying within the limits of a state highway and abutting the vehicular roadway is a sidewalk "which it is the duty of the Commissioner" to maintain.
The Commissioner has submitted, under Practice Book § 143, an affidavit from Fred Atwell, a state claims investigator whose jurisdiction covers the portion of Route 14 in question. Atwell states, in conclusory fashion, that no such duty exists. The plaintiff submitted no counteraffidavit. The court holds, as a matter of law, that the Commissioner had no duty to maintain or repair the sidewalk.
The statutory ancestors of § 13a-144 waived immunity with respect to a negligently kept state thoroughfares for "a defective road or bridge which it is the duty of the highway commission to keep in repair". See e.g., General Statutes (1949 Rev.) § 2201. No mention of "sidewalk" was made. In Moleskev. MacDonald, 109 Conn. 336 (1929), our Supreme Court held that the phrase "defective road or bridge" as used in the statute excluded sidewalks which lay within the highway limits. Id., 342. In 1953, however, the legislature amended our state defective highway statute by inserting "or sidewalk" after "defective road CT Page 2219 or bridge". General Statutes (1953 Rev.) § 1193d. The plaintiff argues that the inclusion of sidewalks in our current defective highway statute, § 13a-144, waives sovereign immunity with regard to sidewalks which are within the state highway limits and run alongside the vehicular route.
The Commissioner, on the other hand, points to other statutory provisions which negate this conclusion. General Statutes § 13a-91 specifically imposes upon the Commissioner a duty to maintain sidewalks on bridges and bridge approaches if "on any state highway". Also, C.G. § 13a-92 requires the Commissioner to maintain the sidewalks on the bridges crossing the Connecticut River at Thompsonville and Warehouse Point. Arguably, these provisions are superfluous if the Commissioner has a general duty to maintain sidewalks which abut state highways. It should be noted, however, that the predecessors to these provisions, General Statutes (1949 Rev.) §§ 2242 and 2243, predate the 1953 amendment to the state defective highway statute which added "sidewalk" to the list of defective entities entitling one to bring suit against the Commissioner. It could be contended that the legislature has simply overlooked repeal of these obsolete provisions.
A more persuasive argument by the Commissioner comes from examining G.S. § 13a-258. The law was enacted in 1963, P.A. 63-537, after the 1953 amendment which added "sidewalk" to the state defective highway provision. Section 13a-258 imposes on the Commissioner the duty to maintain sidewalks which abut state highways during road construction. Section 13a-258 specifically refers to § 13a-144 in prohibiting the transfer of liability to municipalities during that time period. It is reasonable to infer that, because § 13a-258 establishes the Commissioner's duty to repair sidewalks which abut state highways only during road construction, no similar duty exists after construction is completed. In the present case there is no claim that the plaintiff's accident occurred during the construction of Route 14.
The court concludes that the Commissioner had no duty to maintain the sidewalks which allegedly caused the plaintiff's injuries. Because sovereign immunity is waived under § 13a-144
only in cases where such a duty exists, the plaintiff is barred from bringing this action against the Commissioner.
For these reasons, the first count of the amended complaint CT Page 2220 is dismissed.
Sferrazza, J.