[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS #101
On January 27, 1998, the plaintiff filed this action against the defendants, Devore Baking Co., Robert Oracheff, the Town of Fairfield, and James Sullivan, Commissioner of the Department of Transportation. The plaintiff alleges that she was caused to fall and sustain injury as a result of a defective sidewalk along the Post Road in Fairfield. Sullivan ("the defendant") filed a motion to dismiss on February 17, 1998 on the ground that the court lacks subject matter jurisdiction due to sovereign immunity. The defendant submitted a memorandum of law and the affidavit of CT Page 7678 Joseph Czarnecki, an acting transportation maintenance director. After receiving an extension of time to reply, the plaintiff filed an objection to the motion to dismiss on April 27, 1998 on the ground that the plaintiff should be allowed more time to conduct discovery "on the factual issue of whether or not the defendant maintained or repaired the sidewalk and thus exerted control over the property." (Objection to the Motion to Dismiss.) The plaintiff did not file a supporting memorandum of law.
The plaintiff alleges that the road that abuts the sidewalk on which she fell is included in the state highway system and that it is the duty of the defendant to maintain such highway and sidewalks.[1] Joseph Czarnecki avers that the department of transportation "does not own or maintain this sidewalk nor is this sidewalk part of the State Highway System." (Motion to Dismiss, Affidavit of Czarnecki, ¶ 4.) The facts attested to in the affidavit are sufficient to defeat any presumption of truth in the plaintiff's assertion that the sidewalk is included in the state highway system. Amore v. Frankel, 228 Conn. 358,368, 636 A.2d 786 (1994). Because the sidewalk is not part of the state highway system, the plaintiff has alleged no basis for waiver of statutory immunity.[2]
In the absence of a statutory provision waiving sovereign immunity, the state cannot be sued. White v. Burns,213 Conn. 307, 312, 567 A.2d 1195 (1990). The plaintiff's failure to respond to the affidavit deprives the complaint of any factual basis for waiving the defendant's immunity. Amore v. Frankel,supra, 228 Conn. 369. The plaintiff, however, asserts that the motion to dismiss should be denied to allow her to prove what she did not allege: that the defendant did in fact maintain or repair the sidewalk. The plaintiff relies on Moleske v.MacDonald, 109 Conn. 336, 146 A. 820 (1929). In Moleske, the court declined to consider whether the commissioner would have any legal obligation for the condition of a sidewalk if the state had constructed or maintained the walk. Id., 343.
Even if the plaintiff could show that the state had maintained sidewalk, thus asserting control, this would not waive sovereign immunity. See Alston v. New Haven,134 Conn. 686, 690, 60 A.2d 502 (1948) (plaintiff would be without remedy due to sovereign immunity even though state exercised control over sidewalk). "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed CT Page 7679 cases . . . and that since the state can act only through its officers and agents a suit against a state officer is in effect against the sovereign state." (Citations omitted; internal quotation marks omitted.) White v. Burns, supra, 213 Conn. 312. "It has been clear for a number of years that one injured by reason of highway defect and making a claim against the state may not assert a claim in negligence, but rather is limited to the highway defect law, General Statutes § 13a-144." Golembeskiv. Town of Stratford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 252283 (March 25, 1992) (Lewis, J.).
General Statutes § 13a-144 waives immunity for persons injured through the neglect or default of the state or any of its employees "by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair." The legislature has designated a limited number of sidewalks which the commissioner has a duty to maintain: sidewalks that the commissioner has constructed or reconstructed on bridges (General Statutes § 13a-91 (a)); sidewalks on certain bridges (General Statutes § 13a-92); and sidewalks abutting property acquired for highway purposes during construction (General Statutes § 13a-258). See Gould v.Hartford, 44 Conn. Sup. 389, 395, 691 A.2d 35, 15 CONN. L. RPTR. 254 (1995). Here, the plaintiff has not alleged that the sidewalk in question falls into any of these categories. The plaintiff's allegation that the commissioner has a duty to maintain the sidewalk because it is part of the state highway system has been rebutted by the affidavit. See id.; cf. Egidi v. City ofHartford, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 471628 (May 30, 1996) (Fineberg, J.) (no genuine issue of material fact as to state's lack of duty to maintain road where plaintiff failed to present counter-affidavits or factual data). Thus, the defendant has not waived sovereign immunity. Permitting the plaintiff time to discover facts supporting a theory of negligent maintenance would be fruitless since the state would still be immune.
Accordingly, the motion to dismiss of the defendant Commissioner of the Dept. of Transportation is granted and the Fourth count of the plaintiff's complaint is dismissed.
SKOLNICK, J.