[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS (#137)
Presently before the court is the defendant's motion to dismiss, which was filed on May 28, 1999. The plaintiff, Annie Carter (plaintiff), filed a six count complaint against several parties, including James F. Sullivan, commissioner of transportation for the state of Connecticut (defendant), for injuries allegedly suffered when she fell on a defective sidewalk in the city of Hartford.
The relevant facts are as follows. On or about June 26, 1995, the plaintiff was injured "when her foot struck a raised portion of the [sidewalk adjacent to 128 Collins Street in Hartford, Connecticut,] causing her to fall violently to the ground." (Complaint, Count 5, ¶¶ 5 6.) The plaintiff alleges that the defendant has a "duty to keep and maintain the public sidewalks and streets within its territorial limits in a reasonably safe condition" and that the said sidewalk is within the defendant's territorial limits. (Complaint, Count 5, ¶¶ 2 3.) The plaintiff further alleges, inter alia, that the defendant failed to maintain the said sidewalk in a reasonably safe manner and that the defendant's breach of his statutory duty is the sole proximate cause of her injuries. (Complaint, Count 5, ¶ 8.) Pursuant to General Statutes § 13a-144, the plaintiff provided a notice of claim to the defendant, a copy of which is attached to the complaint. The defendant now moves to dismiss count five of the plaintiff's complaint on sovereign immunity grounds.
 DISCUSSION
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30; Pitchell v.Hartford, 247 Conn. 422, 432, 722 A.2d 797 (1999). "[A] claim that this court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v.Slotnik, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, ___ U.S. ___, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented... and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody,CT Page 14349N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996); Novicki v. NewHaven, 47 Conn. App. 734, 739, 709 A.2d 2 (1998).
The defendant moves to dismiss count five of the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction due to sovereign immunity. In his memorandum of law in support of the motion, the defendant argues, inter alia, that his liability pursuant to General Statutes § 13a-144 is limited and that it only extends to those sidewalks he has a statutory duty to maintain. The defendant further argues that he has no statutory duty to maintain the sidewalk on which the plaintiff suffered her injuries.
In accordance with Practice Book § 10-31, the defendant submitted the affidavit of Victor LaBarre (LaBarre), a transportation maintenance director for the department of transportation, as to facts not apparent on the record. LaBarre attests that "[t]he sidewalk on or near 128 Collins Street, Hartford, Connecticut is not part of the state highway system." (LaBarre Affidavit, 12/30/98, ¶ 6.) LaBarre further attests that he is familiar with the plaintiff's notice of claim and that the department of transportation does not, and did not on June 26, 1995, have a duty to maintain the said sidewalk or the area of the said sidewalk identified in the plaintiff's notice of claim. (LaBarre Affidavit, 12/30/98, ¶¶ 7-9.)
The plaintiff did not file an objection to the defendant's motion to dismiss, nor has the defendant requested oral argument on the motion. For the reasons set forth below, the defendant's motion to dismiss must be granted.
The state's duty of care with respect to sidewalks is well settled. The general rule is that the commissioner of transportation has a duty to maintain only those sidewalks for which a statute confers such a duty upon the commissioner. SeeAmore v. Frankel, 228 Conn. 358, 365, 636 A.2d 786 (1994); Tuckelv. Argraves, 148 Conn. 355, 358-360, 170 A.2d 895 (1961); Hornyakv. Fairfield, 135 Conn. 619, 621-22, 67 A.2d 562 (1949); Moleskev. MacDonald, 109 Conn. 336, 340-41, 146 A.2d 820 (1929); Levinev. Devore Baking Company, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 350194 (June 19, 1998,Skolnick, J.) (22 Conn. L. Rptr. 332); Cartwright v. Frankel, Superior Court, judicial district of Windham at Windham, Docket No. 048749 (March 19, 1996, Sferrazza, J.) (16 Conn. L. Rptr. 322);Gould v. Hartford, 44 Conn. Sup. 389, 691 A.2d 35 (1995). CT Page 14350 Thus, General Statutes § 13a-144 waives the state's sovereign immunity for persons "injured in person or property through neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair...." General Statutes § 13a-144.
The legislature has designated a limited number of sidewalks that the commissioner of transportation must maintain. Pursuant to General Statutes § 13a-91, the commissioner is responsible for maintaining "all sidewalks on bridges or approaches to bridges maintained by the commissioner...." General Statutes § 13a-91(a). The commissioner also has a duty to maintain the "sidewalks on the bridges across the Connecticut River at Thompsonville and Warehouse Point...." General Statutes § 13a-92. Additionally, "[t]he Commissioner of Transportation shall maintain any sidewalk, including the removal of snow and ice, abutting property acquired for highway purposes, from the date of acquisition until the section of highway for which the property was acquired is completed." General Statutes § 13a-258.
In the present case, the plaintiff has not alleged that the sidewalk in question comes within any of these categories. The plaintiff merely alleges that the commissioner has a "duty to keep and maintain the public sidewalks and streets within its territorial limits in a reasonably safe condition." (Complaint, 6/12/97, Count 5, ¶ 2.) The affidavit of Victor LaBarre rebuts the plaintiff's allegation that the sidewalk on which the plaintiff was injured is within the commissioner's territorial limits. Thus, under the facts of this case, the defendant has not waived sovereign immunity. Gould v. Hartford, supra,44 Conn. Sup. 389; MacArthur v. Town of Suffield, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 522353 (July 29, 1994, Sheldon, J.); Mascaro v. Lathrop, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 530007 (June 13, 1994, Hennessey, J.) (9 C.S.C.R. 711). For these reasons, the court hereby grants the defendant's motion to dismiss.
WILLIAM L. WOLLENBERG SUPERIOR COURT JUDGE