[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Lynn Kelly, filed a substituted complaint on March 12, 1999 in three counts, alleging in the first count that the defendant, the commissioner of transportation, breached its duty to maintain public sidewalks in a reasonably safe condition.[1] Specifically, the plaintiff alleges that "while walking with due care in a westerly direction on the sidewalk on the Eastbound Platform [of the Stamford train station] on or about an area directly adjacent to the escalator on the side nearest the railroad tracks, she was caused to suddenly to trip, stumble or fall because of the dangerous defective depression and uneven surfaces of the sidewalk." (Pl.'s Sub. Cmplt., ¶ 5).
On March 19, 1999, the defendant moved to dismiss the first count on the ground that the court lacks subject matter jurisdiction due to the complaint's failure to allege sufficient facts to bring the count within the ambit of § 13a-144. As required by Practice Book § 10-31, the defendant has filed a memorandum in support of its motion to dismiss. The plaintiff has failed to file a memorandum in opposition.[2]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99, CT Page 2448680 A.2d 1321 (1996); Novicki v. New Haven, 47 Conn. App. 734, 739,709 A.2d 2 (1998).
The defendant argues in its memorandum that the facts alleged in the plaintiff's complaint fall outside the scope of § 13a-144
because they do not allege an injury resulting from a defective sidewalk that the defendant had a duty to keep in repair. Specifically, the defendant argues that although there are statutes that require the defendant to maintain certain sidewalks, no statute exists that requires it to maintain the Stamford train station sidewalks, and, consequently, the plaintiffs' action against it is barred by sovereign immunity.
The state is immune from suit unless it consents to be sued.Capers v. Lee, 239 Conn. 265, 267 n. 3, 684 A.2d 696 (1996). "Sovereign immunity may be waived only through a statute."Struckman v. Burns, 205 Conn. 542, 558, 534 A.2d 888 (1987). "[W]hen the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed." (Brackets omitted; internal quotation marks omitted.) Babes v. Bennett, 247 Conn. 256, 262, 721 A.2d 511
(1998). See also White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990). However, "[w]here there is any doubt about the meaning or intent of a statute in derogation of sovereign immunity, it is given the effect which makes the least rather than the most change in sovereign immunity." (Brackets omitted.)Babes v. Bennett, supra, 247 Conn. 262.
In her complaint, the plaintiff alleges that the defendant has breached its statutory duty pursuant to General Statutes § 13a-144. General Statutes § 13a-144 is commonly known as the "defective highway statute" and provides in pertinent part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court." "To prevail under [§] 13a-144, the plaintiff must establish that the commissioner had the statutory duty to maintain the [area] where the defect was located." (Internal quotation marks omitted.) Gagne v.National Railroad Passenger Corp. , 26 Conn. App. 74, 78, CT Page 2449597 A.2d 836, cert. denied, 220 Conn. 932, 599 A.2d 383 (1991).
The plaintiff alleges in her complaint that the sidewalks located at the Stamford train station were public sidewalks included in the state highway system and that the commissioner of transportation is responsible for the maintenance of all the highways, bridges and sidewalks included in the state highway system. The plaintiff has alleged that she fell "while walking on the sidewalk on the Eastbound Platform. . . . "The Superior Court has held that, "[s]trictly construing § 13a-144, the commissioner of transportation does not have a duty to repair a railroad platform . . . ." Williams v. Stamford, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163666 (January 19, 1999, D'Andrea, J.). The plaintiff has failed to allege facts to invoke a duty owed by the defendant to maintain the sidewalk at issue, and, therefore, the doctrine of sovereign immunity applies.
The issue of the status of sidewalks under the defective highway statute came before the Supreme Court in an early case,Moleske v. MacDonald, 109 Conn. 336, 146 A. 820 (1929). In that case, the court addressed the legislative purpose of the enactment of "Public Acts of 1925, Chapter 263, § 47," a predecessor to the current defective highway statute. The court explained that "[p]rimarily, the governmental duty of building and maintaining public highways rests upon the State itself, but it may delegate this duty to agents of its own designation." Id., 339. The same policy applies "to the construction and maintenance of sidewalks in towns and the duty is imposed upon each town as to sidewalks within its own limits." Id., 340. The court concluded that the enactment of the defective highway statute did nothing to alter this policy. The court emphasized that it "discover[ed] no purpose and . . . conceiv[ed] it contrary to the policy of the State reflected in its legislation, to interfere with or modify the obligations of towns for any roads or other avenues of travel, which are of only local concern. Sidewalks are of this character. They serve local convenience almost wholly and have no relation to, nor do they contribute to, the facilitating of that public travel which the State aims to serve by the establishment of state aid and trunk line roads between the towns and across the State." Id., 341.
The holding in Moleske v. MacDonald, supra, 109 Conn. 136, remains the law today. Gould v. Hartford, 44 Conn. Sup. 389,691 A.2d 35 (1997). "Significantly, the legislature has CT Page 2450 underlined the correctness of this approach by specifically designating a limited number of sidewalks that are to be maintained by the commissioner." Id., 395. See General Statutes § 13a-91 (a) (stating that the commissioner is responsible for maintaining "all sidewalks on bridges or approaches to bridges maintained by the commissioner . . . ."); § 13a-92 (providing that the commissioner is responsible for maintaining "[t]he sidewalks on the bridges across the Connecticut river at Thompsonville and Warehouse Point. . . ."); and § 13a-258
(stating that the commissioner is responsible for maintaining "any sidewalk . . . abutting property acquired for highway purposes, from the date of acquisition until the section of highway for which the property was acquired is completed.")
The plaintiff has not alleged facts to show that the sidewalk in the present case is a sidewalk which the commissioner of transportation statutorily is required to maintain. As such, count one does not fall within the ambit of § 13a-144. The defendant's motion to dismiss count one of the plaintiff's complaint on the ground of lack of subject matter jurisdiction due to the State's sovereign immunity is GRANTED.
Howard F. Zoarski Judge Trial Referee