[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendant's motion to strike count three of the plaintiff's amended complaint, sounding in nuisance, on the ground that General Statutes § 13a-149 provides the exclusive remedy for the plaintiff.
 I BACKGROUND
In her amended complaint, the plaintiff. Julia Boice, alleges she was caused to fall by a dangerous and defective condition of the sidewalk in front of the Young Women's Christian Association (the YWCA) at 22 Glen Street, New Britain, Connecticut. She alleges the sidewalk was in the control and possession of the YWCA, which hired Metro Leasing Corporation, doing business as Dura Construction Company (Dura), to perform repairs of the sidewalk in front of 22 Glen Street. She further alleges that the city of New Britain (the city) has authority to maintain and repair the sidewalk pursuant to General Statutes § 19a-335 and the city charter.
The plaintiff filed her amended complaint (#109) on February 27, 2001. Counts one and three allege negligence and nuisance, respectively, against the city. Counts two and four allege negligence and nuisance, respectively, against the YWCA and Dura. The city filed the present motion to strike counts one and three on March 21, 2001, along with a supporting memorandum of law. The plaintiff timely filed an objection. At oral argument at short calendar on April 23, 2001, the city withdrew its motion as to count one. The court now issues this memorandum of decision as to the city's motion to strike count three.
 II STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the CT Page 8753 court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927
(2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v.Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra,240 Conn. 588.
 III DISCUSSION
The city moves to strike count three on the ground that the plaintiff's sole remedy against the municipality for injuries received as a result of her fall is an action pursuant to the defective highway statute, General Statutes § 13a-149. The city argues that count three, which alleges nuisance against the city, is barred by General Statutes § 52-557n. The plaintiff argues, to the contrary, that § 13a-149 does not apply to her as she was injured by a defective sidewalk, which is not covered by the defective highway statute.
Section 13a-149[1] provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." "[I]n an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiffs exclusive remedy." Ferreirav. Pringle, 255 Conn. 330, 341, 766 A.2d 400 (2001). See also General Statutes § 52-557n (a)(1)(C) ("[N]o cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149." CT Page 8754 This statute pertains to political subdivisions of the state, not to private entities, such as the co-defendant YMCA.).
The plaintiff argues that § 13a-149 refers only to defective highways and bridges while § 13a-144[2] refers to defective highways, bridges and sidewalks. She contends, therefore, that §13a-149 is not intended by the legislature to apply to sidewalks. The plaintiff's argument is not supported by the caselaw.
"The word road or highway as used in the highway defect statute [§13a-149] has usually been construed to include sidewalks. Hornyak v.Fairfield, 135 Conn. 619, 621, 67 A.2d 562 (1949); Manchester v.Hartford, 30 Conn. 118, 121 (1861). The term sidewalk is meant to apply to those areas that the public uses for travel." Novicki v. New Haven,47 Conn. App. 734, 740, 709 A.2d 2 (1998). "The question of the status of sidewalks under the defective road statute [now § 13a-149] first came before the Connecticut Supreme Court in 1861. The court held that it had `no doubt' that sidewalks are `a part of the road' for purposes of the statute." (Internal quotation marks omitted.) Gould v. Hartford,44 Conn. Sup. 389, 394, 691 A.2d 389 (1995).
In Gould, Judge Blue addressed this very issue in detail and noted that our Supreme Court determined that the legislature did, in fact, intend for municipal sidewalks to be included under the purview of the predecessor to § 13a-149, while certain state-maintained sidewalks come under the rubric of § 13a-144. See Gould v. Hartford, supra,44 Conn. Sup. 394-395, discussing Moleske v. MacDonald, 109 Conn. 336,146 A. 820 (1929).
In determining whether an injury caused by a defective sidewalk falls within these statutes, "[o]wnership of the property does not establish liability under § 13a-149 or § 13a-144. Rather, it is the governmental entity charged with the `duty . . . to keep [the property] in repair' . . . or the `party bound to keep [the property] in repair' . . . on which the statutes impose liability under certain circumstances."Coughlin v. Waterbury, 61 Conn. App. 310, 314-15, ___ A.2d ___ (2001). InNovicki v. New Haven, the court looked at whether the sidewalk was located on public property and whether it was located in an area that would likely be used by the public. See Novicki v. New Haven, supra, 740.
In count three of the present case, the plaintiff alleges the YWCA was in possession and control of the property located at 22 Glen Street, New Britain, Connecticut. (See Complaint, count three, ¶ 2.) She also alleges, however, that the portion of the "public" sidewalk on which she fell was at all times mentioned a heavily traveled sidewalk within the CT Page 8755 territorial limits of [the city] and was used by pedestrians." (Complaint, count three, ¶ 4.) She further alleges the city had a duty under § 19a-335[3] to neither create nor permit an obstruction in a highway. (See Complaint, count three, ¶ 6.) Finally, she alleges the charter of the city provides that "the Common Counsel may designate and fix the course, width, height and grade of all sidewalks and gutters upon the streets and highways of said city and may, at the expense of said city, cause any of these sidewalks in said city to be raised, flagged, paved, or made in a suitable manner. . . ." (Complaint, count three, ¶ 7.)
Viewing the plaintiff's allegations in the light most favorable to sustaining the complaint, the court must find that the plaintiffs claim falls within the confines of § 13a-149. The plaintiff has alleged that the city is responsible for maintaining the sidewalk and that the sidewalk was heavily traveled. Although she alleges that the sidewalk abutted property owned and controlled by the YWCA, as stated above, ownership is not dispositive of liability. Accordingly, the court finds the plaintiffs sole remedy against the municipality for her injuries is under § 13a-149 and count three alleging nuisance is barred by §52-557n.
The city's motion to strike count three is hereby granted. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT